Marshall, Ch. J.,
delivered the opinion of the court. — This case arises under a clause in an act of the Virginia assembly, giving freedom to slaves who shall be brought thereafter into that state, and kept therein one whole year together, or so long at different times as shall amount to one year; and under a proviso of the same act, that it shall not extend to any person who may incline to remove from any of the United States, and become citizens of this, if, within sixty days after such removal, he shall take an oath which is prescribed in the act.
The negro London was brought from Maryland into Alexandria, where he was hired out, in the year 1802 ; some months after which, his master, the plaintiff in error, also removed into Alexandria, and within the ¡-*330 *year from the time the negro was brought in, and also within the sixty days from the time the plaintiff in error removed to Alexandria, the oath prescribed by the law was taken.
No right to freedom having vested in London, at the time this oath was taken, the question is, has it brought the plaintiff within the proviso of the act ? That the plaintiff is within the letter of the proviso, is unquestionable. He is a person who inclined to remove from one of the United States, into Virginia, who actually did remove, and who took the requisite oath, within the limited time.
But it is contended, in behalf of the defendant in error, that the acts' of bringing the negro into the state, and of removing into it, must be concomitant, in order to bring the case within the proviso : or, in other words, that the owner must be a person “inclining to remove into the state,” at the time the slave was brought in. This inaccuracy of construction seems to be founded on the idea, that the penalty of forfeiting the property accrues on bringing the slave into the state, whereas, it attaches on his continuance in the state for twelve months. Until such continuance has taken place, the offence has not been committed. If, then, all the acts which bring a person within the proviso, are performed, before the right to freedom is vested, and before the provisions of the act have been infracted, *198 it seems to the court, that the rights of the party remain unaffected by the act. If London had been ordered to Maryland for a day, and then brought with his master into Alexandria, the construction of his counsel would be satisfied ; and it seems strange, where the letter of a law has not been violated, that such an unimportant circumstance should affect its spirit.
Unless this mode be admitted of coming within the proviso, a person inclining to remove into Virginia, whose slaves had preceded him, though not for one year, could not bring himself within, or avoid the forfeiture, *3311 though permitting them to come into that state was no *offence ; a construction of the act which the court cannot think consistent with its spirit or letter.
This court is, therefore, of opinion, that the circuit court erred, in directing the jury that, under the circumstances stated, the plaintiff below was entitled to his freedom, and doth reverse the judgment rendered by the circuit court, and remand the cause for further proceedings.
Judgment reversed.